UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-20575

FELIPE MARCOS ACOSTA,

    Plaintiff,

vs.

CHARLOTTE BAKERY, INC. and
DANNY A. MENDES JARDIN,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Felipe Marcos Acosta, sues Defendants, Charlotte Bakery, Inc., and Danny A. Mendes Jardin, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Felipe Marcos Acosta**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Charlotte Bakery, Inc.**, is a for profit Florida corporation that is *sui juris* and operated its bakery business here, in Miami Beach, Miami-Dade County, Florida, at all times material.

6. **Defendant, Danny A. Mendes Jardin**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate

1

Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's and the other servers' wages.

7. Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their restaurant and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this District.

### *Background Facts*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, beverages, coffees, teas, and products that have moved through interstate commerce.

12. Defendants cooked, prepared, and stored perishables and sold non-alcoholic beverages, while using machinery, appliances, ovens, refrigerators, and materials that also have moved through interstate commerce.

13. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

14. Defendants own and operate the website: https://www.mycharlottebakery.com/ using Register.com, Inc., a foreign corporation, and engage in eCommerce by regularly and routinely exchanging information and financial information with foreign corporations – including DoorDash and Clover, and on which Defendants regularly and routinely engage in electronic credit and debit card transactions across state lines.

15. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked during the last three (3) years.

16. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

17. Plaintiff worked for Defendants from June 10, 2020 to January 1, 2021.

18. Plaintiff's primary duty was to work as a server/cashier for Defendants, and since he would often be the only one working during his scheduled shifts, he would also have to perform other duties.

19. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his handling and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

20. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card

payments utilizing communications that traveled outside of the State of Florida and operated a cash register /Point of Sale system to receive payments for selling food and beverages that regularly and routinely exchanged electronic information that traveled in interstate commerce.

21. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

22. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### **COUNT I – FLSA TIP / MINIMUM WAGE VIOLATION**

Plaintiff, Felipe Marcos Acosta, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

23. Defendants received both cash and credit cards as payment.

24. Defendants took control of all of the tips earned by those who worked at their storefront.

   a. Defendants retained control over the credit card payments that included tips.

   b. Defendants also retained control over the cash that customers gave as tips placed into the opaque red tip box.

25. The FLSA always precluded employers like Defendants from retaining any portion of the tips for themselves or from distributing tips to traditionally non-tipped employees.

26. The FLSA was formally amended in April 2018 to codify this rule precluding employers from retaining tips when Congress amended 29 U.S.C. §203 to confirming that although employers may to utilize a "tip pool", they may not retain any portion of the tips for any reason:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

29 U.S.C. §203(m)(2)(b).

27. Defendants retained control of the tips earned by Plaintiff, which they either kept for themselves and/or distributed to traditionally non-tipped (or ineligible) employees.

28. Plaintiff would only receive a portion of the tips he earned as a result of having to share his tips in this "tip pool" controlled by Defendants.

29. As a direct and proximate result of Defendants' retaining and/or distributing tips to traditionally non-tipped (or ineligible) employees, instead of to Plaintiff, Defendants violated the FLSA.

30. Plaintiff is entitled to payment of all tips improperly held/distributed by Defendants.

31. Because Defendants retained control over the cash tips and the credit card tips, without sharing that information with Plaintiff, he is unable to estimate the amount of tips that Defendants owe him.

32. Defendants willfully and intentionally refused to pay Plaintiff the tips he earned.

33. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the tips he earned during the relevant time period violated the FLSA and then failed to timely correct their violation.

34. Plaintiff is entitled to a backpay award of all of the tips that Defendants improperly distributed, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Felipe Marcos Acosta, demands the entry of a judgment in his favor and against Defendants, Charlotte Bakery, Inc. and Danny A. Mendes Jardin, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recovers compensatory minimum wage (*i.e.*, tip) damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216(b);

b. That Plaintiff recovers pre-judgment interest if he is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recovers all interest allowed by law;

e. That the Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay (*i.e.*, the tips improperly distributed) and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **COUNT II – FLSA OVERTIME VIOLATION(S)**

Plaintiff, Felipe Marcos Acosta, reincorporates paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

35. Plaintiff would regularly and routinely work more than 40 hours per week for Defendants.

36. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek.

37. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period without paying him overtime wages for all of the overtime hours he worked.

38. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff

an overtime wage for the hours he worked violated the FLSA, they intentionally misled Plaintiff to believe that Defendants were not required to pay him an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay he earned.

39.   Plaintiff is entitled to a backpay award of overtime wages for all of the overtime hours he worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Felipe Marcos Acosta, demands the entry of a judgment in his favor and against Defendants, Charlotte Bakery, Inc. and Danny A. Mendes Jardin, jointly and severally, after trial by jury and as follows:

a.   That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.   That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.   That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.   That Plaintiff recovers all interest allowed by law;

e.   That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.   That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g.   Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Felipe Marcos Acosta, demands a trial by jury of all issues so triable.

Respectfully submitted this 10th day of February 2021,

                Brian H. Pollock, Esq.
                Brian H. Pollock, Esq. (174742)
                brian@fairlawattorney.com
                FAIRLAW FIRM
                7300 N. Kendall Drive
                Suite 450
                Miami, FL 33156
                Tel: 305.230.4884
                *Counsel for Plaintiff*