UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-20575-JB

FELIPE MARCOS ACOSTA,

    Plaintiff,

v.

CHARLOTTE BAKERY, INC. and
DANNY A. MENDES JARDIN,

    Defendants.

_____/

## ORDER APPROVING FLSA SETTLEMENT AND DISMISSING CASE[1]

**THIS CAUSE** came before the Court on the Parties' Joint Motion to Approve Settlement and Dismissal with Prejudice (the "Joint Motion"). ECF Nos. [25], [25-1]. On October 21, 2021, the Parties appeared for a Telephonic Status Conference on this matter. *See* ECF No. [24]. The Parties subsequently filed the Joint Motion on October 22, 2021. ECF Nos. [25], [25-21]. Upon due consideration, the Joint Motion is hereby **GRANTED**.

This action involves Defendants' alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"). *See* ECF No. [1]. The FLSA requires judicial review and the Court's determination that the settlement agreement "is a fair and reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The following factors are typically

---

[1] The Parties consented to have the undersigned conduct any and all further proceedings in the case, including trial and entry of final judgment. *See* ECF No. [16].

considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).

The Court's review also includes a "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva*, 307 F. App'x at 351. In evaluating the reasonableness of the proposed attorneys' fee recovery, the Court should also consider the possible range of the Plaintiff's recovery as compared to the extent of success in obtaining the maximum recovery and whether that extent of success justifies the amount of counsel's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *Dees*, 706 F. Supp. 2d at 1241, 1243.

Plaintiff did not compromise his claim, as the Settlement Agreement in this case provides that Plaintiff will receive $1,228.50, or "the full amount of his unpaid wages," as well as $1,228.50 in liquidated damages, for a total of $2,457.00. ECF Nos. [25] at 1; [25-1] at 1. In support of the Joint Motion, the Parties state their desire "to avoid the uncertainties of litigation," ECF No. [25] at 1, and that the Settlement Agreement is "fair and reasonable in light of the relevant factors" set forth in *Lynn's Food Stores, Inc. v. United States*. ECF No. [25-1] at 2. In addition, Plaintiff's counsel will receive the compromised amount of $5,043.00 in attorneys' fees and costs. ECF No. [25-1] at 1. Based upon the undersigned's review of the Settlement Agreement, the Court

concludes that the resolution reached, including attorneys' fees and costs, is a fair and reasonable compromise of the Plaintiff's FLSA claims.

Accordingly, upon due consideration of the Joint Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Joint Motion, ECF Nos. [25], [25-1], is **GRANTED**. This action is hereby **DISMISSED WITH PREJUDICE** and all pending motions, if any, are **DENIED AS MOOT**, subject to the Court's retention of jurisdiction for thirty days to enforce the Settlement Agreement. The Clerk of Court is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on October 28, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE